UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-110-TWP-DLP-4 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| NOE MANCILLAS | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cr-00110-TWP-DLP-4 |
| ) | |
| NOE MANCILLAS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COVID RELEASE**

Defendant Noe Mancillas ("Mr. Mancillas") has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 286.) Mr. Mancillas seeks immediate release from incarceration because of the Coronavirus pandemic. (Dkt. 298 at 24.) For the reasons explained below, his Motion is **denied**.

## I. BACKGROUND

In November 2013, the Court sentenced Mr. Mancillas to 204 months' imprisonment and 5 years of supervised release after he pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. (Dkts. 222, 227.) Mr. Mancillas is 56 years old. He is currently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). As of November 4, 2020, the Bureau of Prisons ("BOP") reports that FMC Lexington has one active case of COVID-19 among inmates and two cases among staff; it also reports that 9 inmates at FMC Lexington have died of COVID-19 and that 208 have recovered from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 4, 2020). Mr. Mancillas has served over half his sentence, and the BOP lists his release date as November 15, 2024.

2

On August 7, 2020, Mr. Mancillas filed a *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 286.) Appointed counsel filed a supporting memorandum. (Dkt. 298.) The Government responded in opposition. (Dkts. 302, 304.) The Government argues that Mr. Mancillas' binding plea agreement, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), allowed him to receive a sentence well below the advisory sentencing guidelines range set forth in the Pre-Sentence Investigation Report[1]. The Government also argues Mr. Mancillas' release would present danger to the community. He was on supervised release for federal drug and gun offenses at the time he committed the offense in the instant case. Mr. Mancillas has an extensive criminal history that includes prior federal convictions for Conspiracy to Possess With Intent To Distribute 500 Grams or More of Cocaine, Possession of a Firearm During and in Relation to a Drug Trafficking Crime, Possession of a Firearm by a Convicted Felon and Possession With Intent to Distribute Marijuana. In each of his prior convictions in U.S. District Court for the Southern District of Indiana, Mr. Mancillas' supervised release was revoked after he committed new federal offenses.

Mr. Mancillas has replied, (Dkt. 307), thus, his Motion is ripe for decision.

## II.   DISCUSSION

Mr. Mancillas seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). (Dkts. 286, 298.) Mr. Mancillas was infected with COVID-19 in May 2020. Although he does not claim to have experienced any symptoms and has since recovered, he contends that he is at risk of developing severe symptoms if he is reinfected because he is obese. (Dkt. 298 at 15–21.) He also wishes to seek outside medical treatment for some medical conditions (ongoing knee pain and a potential liver issue) that he contends the BOP

---

[1] The advisory sentencing guidelines range in the Pre-Sentence Investigation Report was 262 to 327 months' imprisonment. (Dkt. 193 at 18.)

has failed to adequate treat. *Id.* at 19. Finally, Mr. Mancillas seeks release so that he can help care for his grandchildren. *Id.* at 21. The Government contends that Mr. Mancillas has not shown an extraordinary and compelling reason warranting a sentence reduction. (Dkt. 302.) It also argues that he is a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor a sentence reduction. *Id.*

> 18 U.S.C. § 3582(c) provides in relevant part:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[2] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy

---

[2] The Government does not dispute that Mr. Mancillas has exhausted his administrative remedies. *See* Dkt. 302.

statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Mancillas is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the

---

[3] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)."[4]

Mr. Mancillas does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case. The Court concludes that it does not.

First, Mr. Mancillas' desire to care for his family members is not an extraordinary and compelling reason warranting a sentence reduction. Mr. Mancillas explains that he and his former paramour L.C.[5] have two adult children. (Dkt. 298 at 21.) L.C. currently has legal guardianship of one of their grandchildren, 16-year-old B.M. (Dkt. 298-8.) L.C. has stage 4 metastatic breast cancer. *Id.* There is no cure for the cancer, and it has spread to her brain. *Id*. She has recently completed radiation treatment, but there are likely no treatment options if the cancer returns. *Id.* If L.C. passes away, her current husband, S.C., would assume guardianship of B.M. *Id.* If S.C.

---

[4] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Mancillas's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

[5] The Court uses initials for L.C. and Mr. Mancillas's other family members to protect their privacy.

passes away, she would like Mr. Mancillas to assume guardianship of B.M.  *Id.*  In addition, Mr. Mancillas and L.C. have a second grandchild, 19-year-old J.M.  *Id.*  J.M. has ADHD and is bipolar. *Id.*  He has not taken his prescribed medication for over a year and has been homeless during that time.  *Id.*  L.C. believes that Mr. Mancillas could assist J.M. with a place to live and in obtaining and taking medication if Mr. Mancillas is released.  *Id.*

The Court sympathizes with L.C.'s health challenges and with the struggles J.M. is facing. They are not, however, extraordinary and compelling reasons to release Mr. Mancillas at this time. If the worst happens and L.C. passes away, S.C. will assume care for B.M.  The possibility that S.C. might also become incapacitated is too speculative at this point to warrant releasing Mr. Mancillas.  And, while J.M.'s situation is tragic, he is an adult, and there is no indication that he would be receptive to any help that Mr. Mancillas might provide.  Mr. Mancillas's citation to the Court's decision in *United States v. Critchlow*, No. 2:15-cr-6-JMS-CMM, dkt. 52 (S.D. Ind. Sept. 16, 2020), is inapposite.  There, the Court granted compassionate release and considered the defendant's desire to care for his minor children, even though that reason alone was not an extraordinary and compelling reason warranting a sentence reduction.  *Id.* at 9–10.  The defendant in that case, however, had already established another extraordinary and compelling reason warranting a sentence reduction (the risk of developing severe symptoms if he contracted COVID-19).  *Id.*  As explained below, Mr. Mancillas has not made such a showing.

Second, the risk that Mr. Mancillas faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him.  Mr. Mancillas maintains that he faces an increased risk of developing severe symptoms from COVID-19 because he is obese. (Dkt. 298 at 2.)[6]  Obesity is a medical condition that increases the risk of developing severe COVID-19

---

[6] Mr. Mancillas also argues that he is at greater risk of developing severe symptoms from COVID-19 because he is Hispanic. (Dkt. 298 at 19.) The CDC (Centers for Disease Control and Prevention) has recognized that some racial

symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 4, 2020) (stating that obesity increases the risk of severe illness from COVID-19). But Mr. Mancillas contracted COVID-19 more than 5 months ago. He does not claim to be suffering from any lasting effects from the virus—or even that he ever experienced any symptoms at all. *See, e.g.*, Dkt. 304 at 2 (BOP medical records showing that Mr. Mancillas was asymptomatic on May 11 and 16, 2020). Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

Mr. Mancillas' concern about being re-infected with COVID-19 does not change this result. The Court acknowledges that FMC Lexington had an outbreak of COVID-19, but the BOP currently reports that there is one active inmate case and that there are 2 active staff cases. That is, the outbreak currently appears to be largely under control at FMC Lexington. Moreover, Mr. Mancillas' argument that he is likely to be reinfected with COVID-19 and that he is likely to experience severe symptoms is reinfected is speculative. *See*

---

and ethnic minority groups are being disproportionately affected by COVID-19 because of "[l]ong-standing systemic health and social inequities" including poverty, lack of access to healthcare, and concentration in essential work setting. *See* https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited Nov. 5, 2020). But Mr. Mancillas does not explain whether the CDC's general guidance about race applies to incarcerated populations, which have unique characteristics. Regardless, even if being Hispanic increases Mr. Mancillas' risk of developing severe COVID-19 symptoms (like obesity), he has not established an extraordinary and compelling reason warranting a sentence reduction, as explained below.

https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Nov. 5, 2020) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has had an asymptomatic case of COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, Dkt. 1540 (S.D. Ind. July 27, 2020).

Finally, Mr. Mancillas' desire to seek outside treatment for his knee and possible liver conditions is not an extraordinary and compelling reason warranting a sentence reduction. If Mr. Mancillas believes that the BOP is providing inadequate health care, he may file a suit for injunctive relief in his district of incarceration. But his desire to seek outside treatment is not a reason to release him four years early.

In short, Mr. Mancillas has not shown an extraordinary and compelling reason warranting a sentence reduction. As a result, the Court need not decide whether he presents a danger to the community or whether the sentencing factors in § 3553 favor release.

### III.  CONCLUSION

For the reasons stated above, Mr. Mancillas' Motion for compassionate release, Dkt. [286], is **DENIED**.

**SO ORDERED.**

Date: 11/9/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Noe Mancillas, #03402-028
Federal Medical Center
P.O. Box 14500
Lexington, Kentucky  40512

Julie Treida
TREIDA LAW, PC
treidalaw@gmail.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov