UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-110-TWP-DLP-04 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| NOE MANCILLAS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-110-TWP-DLP-04 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| NOE MANCILLAS | (COMPASSIONATE RELEASE) |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Motion for Compassionate release filed by Defendant Noe Mancillas ("Mr. Mancillas"). (Dkt. 312). For the reasons stated below, the Motion is denied.

### I. DISCUSSION

In the motion, Mr. Mancillas contends that "extraordinary and compelling reasons" support his request for release within the meaning of 18 U.S.C. § 3582(c)(1)(A) because (1) his convictions for conspiracy are not controlled substance offenses under the Sentencing Guidelines, and he was improperly designated a career offender and (2) he suffers from medical conditions (pre-diabetes, liver problems, chronic pain and obesity) that increase his risk of experiencing severe symptoms if he contracts COVID-19. Dkt. 313 at 3-7. He also briefly argues that the sentencing factors in 18 U.S.C. § 3553(a) support his request for compassionate release. (Dkt. 313 at 7). In addition, Mr. Mancillas appears to re-allege his argument that he is entitled to a sentence reduction under Amendment 782 because he is not a career offender, and his plea agreement was directly tied to the Sentencing Guidelines calculation. (Dkt. 316 at 3-4). Mr. Mancillas' previously raised this argument in a motion pursuant to 18 U.S.C. § 3582(c)(2) in 2017, and the Court rejected it. Dkts. 236, 246.

After he filed the instant motion, the Court entered an order outlining why Mr. Mancillas had failed to establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A). Dkt. 318. The Court ordered Mr. Mancillas to show cause why the Court should not deny his motion. *Id.* The Court informed Mr. Mancillas that failure to show cause would result in the Court considering his motion to be abandoned and denying it as such. *Id.*

Mr. Mancillas filed a response to show-cause order and addressed only the COVID-19 argument and the sentencing factors under § 3553. Dkt. 319. Accordingly, the Court considers his other reasons for release to be abandoned. Even if not abandoned, for the reasons stated in its show-cause order on May 20, 2022, dkt. 318, the Court does not find Mr. Mancillas' alleged improper career offender designation to be an extraordinary and compelling reason to grant him release, nor does it find that he is entitled to a reduction under Amendment 782.

With regard to his COVID-19 argument, Mr. Mancillas identifies several health conditions from which he suffers that put him at greater risk of severe illness should he contract COVID-19 (advanced age, obesity, former/current smoker, substance abuse history and liver problems). Dkt. 319 at 1-2. He also argues that his Hispanic heritage increases his likelihood of severe illness if he contracts COVID-19. He states that he received both of his initial COVID-19 vaccines and has now also been boosted twice. *Id.* at 3.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the

3

statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

"[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Mancillas is fully vaccinated and double-boosted. He has presented no evidence that he is unable to receive or benefit from the vaccine.[1] Additionally, Mr. Mancillas "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June

---

[1] Mr. Mancillas argues that "an obese person with a BMI of between 35 and 36 coupled with other serious health conditions is less likely to be well protected from the vaccine." Dkt. 319 at 2. He cites only generally to "CDC.gov" and his BOP medical records for this proposition, so the Court is unable to verify the source of his information and confirm its accuracy. Nevertheless, even if he had cited to a peer-reviewed, scientific study or other such reputable source to support his statement, at best it would show that the immune systems of individuals with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions. Such a source would not show that the COVID-19 vaccine will fail to protect people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release.

16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population).

Mr. Mancillas states that "[a] person of any age suffering from multiple underlying health conditions while incarcerated is twice as likely to die in prison than in the community should they contract COVID-19" and "[a] person 58 years old while incarcerated is one time more likely to contract COVID-19, three times more likely to be hospitalized, and 25 times more likely to die than an 18-29 year old." Dkt. 319 at 1. However, once again, he cites only to the general "CDC.gov" website, with no further information. Moreover, he provides no data regarding vaccinated prisoners. He points to the decisions from several other courts which concluded that despite vaccination, the defendants should be granted compassionate release due to the increased risk of breakthrough infections for prisoners as compared to the general public. *See* dkt. 319 at 3. None of the decisions he relies upon are controlling for this Court, and Mr. Mancillas provides no individualized evidence to support this contention.

Finally, Mr. Mancillas himself acknowledges that even if variants are resulting in more breakthrough infections, vaccines remain effective at preventing severe illness. Dkt. 319 at 3. As stated above, that is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release. As a result, Mr. Mancillas has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Given the determination that Mr. Mancillas has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

## II. CONCLUSION

For the reasons stated above, Defendant's motion for compassionate release, dkt. [312], is **denied**. For the reasons stated above, the interests of justice also do not support the appointment of counsel; as such, Defendant's motion for the appointment of counsel, dkt. [314], is **denied**.

**IT IS SO ORDERED.**

Dated: 7/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Noe Mancillas
Reg. No. 03402-028
FCI Cumberland
Federal Correctional Institution
Satellite Camp
P.O. Box 1000
Cumberland, MD 21501

All Electronically Registered Counsel